IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | |
|---|---|
| THERESA MAE LEWIS, | * |
| | * |
| Plaintiff, | * |
| v. | * |
| | *   Case No. 3:18cv00082-JJV |
| NANCY A. BERRYHILL, | * |
| Acting Commissioner of Social Security, | * |
| | * |
| Defendant. | * |

**MEMORANDUM AND ORDER**

Ms. Lewis has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for supplemental security income and disability insurance benefits. The Administrative Law Judge (ALJ) concluded she had not been under a disability within the meaning of the Social Security Act, because she could perform her past relevant work and some other jobs, despite her impairments. (Tr. 13-23.)

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Plaintiff was fifty-eight years old at the time of the administrative hearing. (Tr. 33.) She testified she went to the eleventh grade in school and later earned her GED. (*Id*.) She has past relevant work as a caregiver. (Tr. 22.)

The ALJ[1] found Ms. Lewis had not engaged in substantial gainful activity since April 17, 2015 - the alleged onset date. (Tr. 15.) She has "severe" impairments in the form of osteoarthritis and mood disorder. (*Id*.) The ALJ further found Ms. Lewis did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 16-17.)

The ALJ determined Ms. Lewis had the residual functional capacity to perform a slightly reduced range of medium work given her physical and mental impairments. (*Id*.) He utilized the services of a vocational expert to determine if plaintiff could perform her past work. (Tr. 46-50.) Based in part on the testimony of the vocational expert, the ALJ determined Ms. Lewis

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

could perform her past work as a caregiver.  (Tr. 21-22.)  The ALJ also concluded Ms. Lewis could perform the jobs of medical technician and assembler.  (Tr. 23.)  Accordingly, the ALJ determined Ms. Lewis was not disabled.  (*Id*.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner.  (Tr. 2-3.)  Plaintiff filed the instant Complaint initiating this appeal.  (Doc. No. 2.)

In support of her Complaint, Ms. Lewis argues the ALJ failed to develop the record by not obtaining additional evidence as to her mental limitations.  (Doc. No. 13 at 7.)  Plaintiff bears a heavy burden in showing the record has been inadequately developed.  She must show both a failure to develop necessary evidence and unfairness or prejudice from that failure.  *Combs v. Astrue*, 243 Fed.Appx. 200, 204 (8th Cir. 2007).  Plaintiff has shown neither and I find this argument to be without merit.  The ALJ had ample information in the record to fairly evaluate Plaintiff's mental impairment.  (Tr. 19.)  And while one treatment note states Ms. Lewis had memory loss that "may be on the account of depression which is severe," nothing suggests additional evaluations were merited.  (Tr. 630.)  As the ALJ stated:

> The record shows the claimant is not receiving counseling or psychotherapy for her mental impairments.  Moreover, the record shows the claimant quickly discontinued the use of psychotropic medications prescribed by her treating providers due to medication intolerance, which supports an even greater interest for the claimant to seek specialized mental health treatment, rather than medication.

(Tr. 20.)

Plaintiff also argues the ALJ failed to adequately consider her physical limitations – specifically her back and leg impairments.  (Doc. No. 13 at 8-10.)  Ms. Lewis clearly suffers from some level of pain and limitation.  But after carefully considering the ALJ's opinion, the medical record, and the briefs from the respective parties, I find the ALJ's opinion is supported by

substantial evidence.

Plaintiff had the burden of proving her disability.  *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988).  Thus, she bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991).  Plaintiff has simply not met that burden.

Diagnostic tests wholly fail to support limitation to the degree Ms. Lewis alleges.  (Tr. 481-485, 555-556.)  And examination notes show Ms. Lewis routinely had normal gait and was without the severe limitation she claims.  (Tr. 448, 453, 466, 524, 596.)

The ALJ carefully considered the record and made a supported determination that Plaintiff can perform medium work.  In coming to this conclusion, the ALJ considered the medical records and the opinions from medical professionals.  And in his opinion, the ALJ fairly set out the rationale for his conclusions.

Plaintiff has advanced other arguments which I have considered and find are without merit. It is not the task of a court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.  There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

Plaintiff's counsel has done an admirable job advocating for her rights in this case.  But I

am simply unable to find reversible fault in the ALJ's opinion.

IT IS, THEREFORE, ORDERED that the final decision of the Commissioner is affirmed and Plaintiff's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 28th day of November, 2018.

                                                JOE J. VOLPE  
                                                UNITED STATES MAGISTRATE JUDGE